THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR SANTOS, Appellant. [827 NYS2d 917]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered April 11, 2005. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [1]). Contrary to the contention of defendant, he was legally sentenced as a second felony offender based on his conviction of robbery in the first degree, which is a violent felony offense (see § 70.02 [1] [a]; § 70.06 [6]). To the extent that the contention of defendant that he was denied effective assistance of counsel survives his guilty plea and his waiver of the right to appeal (see People v Nichols, 32 AD3d 1316 [2006]), we conclude that defendant's contention lacks merit (see generally People v Ford, 86 NY2d 397, 404 [1995]). Finally, the contention of defendant concerning the severity of the sentence does not survive his waiver of the right to appeal (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]). Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX DEJESUS, Appellant. [827 NYS2d 918]—Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered November 28, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (see People v Hidalgo, 91 NY2d 733, 737 [1998]). Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.