■ In the Matter of ARTHUR BLAKE, Appellant, v DEPARTMENT OF CORRECTIONS et al., Respondents. [862 NYS2d 920]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered October 12, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination denying his application to participate in the Comprehensive Alcohol and Substance Abuse Treatment program.

In 2006, petitioner was convicted of burglary in the third degree and multiple counts of robbery in the third degree. He was sentenced as a second felony offender to an aggregate term of 6 to 12 years in prison. The uniform sentence and commitment forms stated that petitioner was to participate in the Comprehensive Alcohol and Substance Abuse Treatment (hereinafter CASAT) program. After he began serving his sentence,

petitioner made a request to participate in the CASAT program. His request was denied on the basis that he did not meet the eligibility requirements for participation in the program. Petitioner commenced this CPLR article 78 proceeding seeking, among other things, to annul this determination. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. While the commitment order directed that petitioner be enrolled in a CASAT program, that directive is premised upon Penal Law § 60.04 (6), which provides that an inmate's participation in such a program can be ordered "provided that the defendant will satisfy the statutory eligibility criteria." In order to be eligible to participate in a CASAT program, an inmate must either (1) be eligible for temporary release, or (2) stand convicted of a felony within the meaning of Penal Law article 220 or 221 and be within six months of being eligible for temporary release (*see* Correction Law § 2 [18]). Petitioner is not eligible for temporary release and was not convicted of a felony under Penal Law article 220 or 221 and will not be eligible for temporary release until October 3, 2009. Moreover, petitioner conceded that he does not meet the time eligibility requirements to be considered for participation in the CASAT program. Accordingly, the petition was properly dismissed.

Cardona, P.J., Peters, Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.