■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROB T. MARTIN, Appellant. [864 NYS2d 593]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered January 17, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]). Defendant did not move to withdraw his plea or to vacate the judgment of conviction and thus has failed to preserve for our review his contentions that the plea was not knowingly or voluntarily entered (*People v Carmody,* 53 AD3d 1048 [2008]; *People v Grimes,* 53 AD3d 1055 [2008]), or that the plea allocution was factually insufficient (*see People v Lopez,* 71 NY2d 662, 665 [1988]). This case does not fall within the rare exception to the preservation requirement (*see id.* at 666). In any event, defendant's contention that the plea was not knowingly or voluntarily entered lacks merit inasmuch as the record establishes that County Court never promised defendant that he would be enrolled in the Comprehensive Alcohol and Substance Abuse Treatment (CASAT) program in the event that he pleaded guilty. In addition, the plea allocution was factually sufficient because there is no requirement that a defendant recite the underlying facts of the crime to which he or she is pleading guilty (*see People v*

*Bailey,* 49 AD3d 1258 [2008]; *People v Bagley,* 34 AD3d 992 [2006], *lv denied* 8 NY3d 878 [2007]).

Contrary to the further contention of defendant, the court properly refused to suppress his oral and written statements to the police. The record of the suppression hearing supports the court's determination that defendant was not in custody when he was questioned by the police officers at his girlfriend's house, and thus *Miranda* warnings were not required at that time (*see People v Towsley,* 53 AD3d 1083 [2008]; *People v Flecha,* 43 AD3d 1385, 1385-1386 [2007], *lv denied* 9 NY3d 990 [2007]).

To the extent that the contention of defendant that he was denied his right to effective assistance of counsel is not forfeited by the plea (*see People v Santos,* 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it is lacking in merit (*see generally People v Ford,* 86 NY2d 397, 404 [1995]). Defense counsel did not misinform defendant in suggesting to him that he may be eligible for participation in the CASAT program (*see* 7 NYCRR 1900.4 [c] [1] [iii]).

Finally, the sentence is not unduly harsh or severe. Present— Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.