Appeal from a judgment of the Oswego County Court (Walter W Hafner, Jr., J.), rendered March 30, 2007. The judgment convicted defendant, upon his plea of guilty, of conspiracy in the second degree and criminal possession of a controlled substance in the third degree (two counts).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count of conspiracy in the second degree (Penal Law § 105.15) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Contrary to the contention of defendant, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Baxter, 302 AD2d 950, 951 [2003], lv denied 99 NY2d 652 [2003]). Although the contention of defendant that his plea was not knowingly, intelligently and voluntarily entered survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review by failing to move to withdraw the plea or to vacate the judgment of conviction on the grounds now raised (see People v Moore, 6 AD3d 1076 [2004], lv denied 3 NY3d 661 [2004]). In any event, defendant’s contention lacks merit. We conclude that the plea was voluntary despite defendant’s “rote answers of ‘yes’ or ‘no’ ” to County Court’s inquiries (People v Wilson, 38 AD3d 1348 [2007], lv denied 9 NY3d 927 [2007]), and the record further establishes that “defendant was rational and coherent during the entire plea proceeding” (People v Rodriguez, 28 AD3d 403, 404 [2006], lv denied 7 NY3d 817 [2006]).
Defendant also failed to preserve for our review his conten *1119 tion that the court erred in enhancing his sentence without affording him the opportunity to withdraw his plea (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Perry, 252 AD2d 990 [1998], lv denied 92 NY2d 929 [1998]). In any event, that contention lacks merit. Defendant violated the plea agreement by failing to appear on the scheduled sentencing date, and the court thus “was no longer bound by the plea promise and could properly impose an enhanced sentence” (People v Figgins, 87 NY2d 840, 841 [1995]).
To the extent that the further contention of defendant that he was denied effective assistance of counsel is based on matters outside the record, he must raise that contention by way of a motion pursuant to CPL article 440 (see People v Logan, 2 AD3d 1392 [2003], lv denied 2 NY3d 742 [2004]). Although the remainder of defendant’s contention concerns matters that appear on the record before us, we conclude that, to the extent that it survives the plea and defendant’s waiver of the right to appeal (see People v Santos, 37 AD3d 1141 [2007], lv denied 8 NY3d 950 [2007]), it is lacking in merit (see generally People v Ford, 86 NY2d 397, 404 [1995]). Finally, because the court advised defendant of the maximum sentence that could be imposed upon his failure to appear at sentencing, “the waiver by defendant of the right to appeal encompasses [his] further contention that the enhanced sentence is unduly harsh or severe” (People v Jackson, 34 AD3d 1318, 1319 [2006], lv denied 8 NY3d 923 [2007]; see People v Milczakowskyj, 286 AD2d 928 [2001], lv denied 97 NY2d 657 [2001]). Present—Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.