■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WROBEL, Appellant. [869 NYS2d 841]

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05), defendant contends that the plea was not knowingly or voluntarily entered because, contrary to the alleged promise of County Court, he was not enrolled in the Comprehensive Alcohol and Substance Abuse Treatment (CASAT) program following his plea of guilty. We reject that contention. Although the record establishes that defendant was statutorily eligible for the CASAT program (*see* Correction Law § 2 [18]; *cf. Matter of Blake v Department of Corrections*, 54 AD3d 1079 [2008]), the record further establishes that the court made no such promise with respect to his enrollment in that program (*see People v Martin*, 55 AD3d 1304 [2008]). To the extent that the further contention of defendant that he was denied effective assistance of counsel survives his plea (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), it involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Hall*, 50 AD3d 1467, 1469 [2008], *lv denied* 11 NY3d 789 [2008]). The sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.