■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEIM HOWELL, Appellant. [875 NYS2d 371]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered January 14, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that County Court abused its discretion in denying his motion to withdraw his plea at the time of sentencing. We reject that contention. According to defendant, he entered the guilty plea under the mistaken belief that the sentence imposed would run concurrently with a sentence to be imposed in a matter pending in federal court. It is well settled, however, that a court's " 'refusal to permit withdrawal does not constitute an abuse of . . . discretion unless there is some evidence of innocence, fraud, or mistake in [the inducement of] the plea' " (*People v Thomas*, 17 AD3d 1047, 1047 [2005], *lv denied* 5 NY3d 770 [2005]; *see* CPL 220.60 [3]; *People v Pillich*, 48 AD3d 1061 [2008], *lv denied* 11 NY3d 793 [2008]). There is no such evidence here. Rather, the record establishes that the terms of the sentencing commitment were "susceptible to but one interpretation" (*People v Cataldo*, 39 NY2d 578, 580 [1976]; *see People v Ramos*, 56 AD3d 1180 [2008]; *People v Reyes*, 167 AD2d 920, 921 [1990], *lv denied* 77 NY2d 842 [1991]), and the court adhered to that sentencing commitment (*see Cataldo*, 39 NY2d at 580).

The challenge by defendant to the factual sufficiency of the

plea allocution is unpreserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]), and it also is encompassed by his valid waiver of the right to appeal (*see People v Grimes*, 53 AD3d 1055 [2008], *lv denied* 11 NY3d 789 [2008]; *People v Jackson*, 50 AD3d 1615 [2008], *lv denied* 10 NY3d 960 [2008]). In any event, his challenge is without merit. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.