■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASEY MILSTEAD, Appellant. [876 NYS2d 570]—Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 11, 2007, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

In 2007, defendant pleaded guilty to the crime of attempted criminal possession of a controlled substance in the third degree. He was sentenced, pursuant to the plea agreement, to a term of imprisonment of three years to be followed by three years of postrelease supervision. Defendant now appeals, and we affirm.

Inasmuch as defendant failed to move to withdraw his plea or vacate his judgment of conviction, his challenge to the voluntariness of his plea and his claim that his sentence was improperly limited are not preserved for our review (see People v Sorey, 55 AD3d 1063, 1064 [2008], lv denied 11 NY3d 930 [2009]; People v Hastings, 24 AD3d 954, 955 [2005]). Furthermore, this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; see also People v Louree, 8 NY3d 541, 545-546 [2007]), and reversal in the interest of justice is not warranted here. Contrary to defendant's argument, our review of the record reveals that there were no promises made regarding defendant's enrollment in the Comprehensive Alcohol and Substance Abuse Treatment program if he pleaded guilty (see People v Wrobel, 57 AD3d 1499, 1500 [2008]; People v Martin, 55 AD3d 1304, 1304 [2008], lv denied 11 NY3d 899 [2008]; cf. People v Armstead, 52 AD3d 966, 967-968 [2008]).

Defendant's claim that he was denied the effective assistance of counsel is similarly unavailing. The record reflects that defendant received a favorable plea and there is nothing that casts doubt on the effectiveness of his counsel (see People v Ford, 86 NY2d 397, 404 [1995]; People v Williams, 35 AD3d 971, 973 [2006], lv denied 8 NY3d 928 [2007]). Finally, we are not persuaded that defendant's sentence was harsh and excessive. County Court imposed the agreed-upon sentence and we find no abuse of discretion or extraordinary circumstances in the record warranting a reduction of his sentence in the interest of justice (see People v Clapper, 51 AD3d 1336, 1337 [2008]).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.