■ In the Matter of RONALD MILLER, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 151]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 12, 2008 in Franklin County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to comply with an order directing that petitioner be enrolled in the Comprehensive Alcohol and Substance Abuse Treatment program.

The Comprehensive Alcohol and Substance Abuse Treatment (hereinafter CASAT) program consists of three phases and is intended to prepare chemically dependent inmates for life outside of prison (*see* 7 NYCRR 1950.1, 1950.2). Inmates receive treatment in a correctional annex during phase 1, are transferred to a work release facility for phase 2, and participate in an aftercare component under parole supervision in the community during phase 3 (*see* 7 NYCRR 1950.2). Typically then, an inmate must receive presumptive work release approval contingent upon successful completion of phase 1 or be approved for work release before he or she can participate in the CASAT program (*see* 7 NYCRR 1951.1 [c]). In 2004, however, the Legislature enacted Penal Law § 60.04, which, among other things, authorizes a sentencing court to direct that an inmate be enrolled in the CASAT program (*see* Penal Law § 60.04 [6]). As is the case here, an issue arises when respondent declines to grant an inmate work release approval whose enrollment in the CASAT program is court ordered.

Petitioner pleaded guilty to attempted criminal possession of a controlled substance in the third degree and was sentenced, as a second felony offender, to a five-year prison term followed by two years of postrelease supervision. The sentencing court also directed that respondent enroll petitioner in the CASAT program when he became statutorily eligible for enrollment (*see*

*Matter of Blake v Department of Corrections*, 54 AD3d 1079, 1080 [2008]). Notwithstanding such direction, petitioner's application for the CASAT program, submitted after he became time-eligible to enroll in May 2007, was denied by the Temporary Release Committee on the basis that he was an unsuitable candidate for presumptive work release approval. That determination was upheld on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding to compel respondent to comply with the sentencing court's order. After concluding that the authority of a sentencing court to direct an inmate's enrollment in the CASAT program is confined to phase 1, Supreme Court granted the petition to the extent that it directed respondent to "forthwith" enroll petitioner in that phase. On this appeal, petitioner asserts that his participation in the CASAT program has been improperly limited to phase 1 of the program.

We disagree and affirm. As relevant here, Penal Law § 60.04 (6) authorizes a sentencing court to "issue an order directing that [respondent] enroll [a] defendant in the [CASAT] program in an alcohol and substance abuse correctional annex as defined in subdivision [18] of section two of the correction law." Notably, the only portion of the CASAT program that occurs in an alcohol and substance abuse correctional annex is phase 1 (*see* 7 NYCRR 1950.2). Moreover, in addition to defining such an annex as "[a] medium security correctional facility," Correction Law § 2 (18) establishes that any inmate enrolled in the CASAT program pursuant to Penal Law § 60.04 (6) "be governed by the same rules and regulations promulgated by [respondent], including without limitation those rules and regulations establishing requirements for completion." Pursuant to such rules, successful completion of the CASAT program is necessarily predicated on an inmate being granted work release approval, particularly given that such approval is a prerequisite for transitioning from phase 1 into phase 2 (*see* 7 NYCRR 1950.2, 1951.1). Nevertheless, an inmate may "be deemed unsuitable for presumptive work release approval based upon his [or her] crime of commitment [or] criminal history" (7 NYCRR 1951.1 [c] [4]).

Here, petitioner's extensive criminal history—which includes five misdemeanor arrests, 11 felony arrests and a conviction for robbery with a loaded weapon—as well as his history of recidivism and present incarceration for attempting to possess and sell drugs, supported the Temporary Release Committee's conclusion that petitioner was unfit for presumptive work release approval (*see generally Matter of Patterson v Goord*, 1 AD3d 845, 846 [2003]). Accordingly, inasmuch as neither Penal

Law § 60.04 (6) nor Correction Law § 2 (18) suggests that respondent must grant work release approval to an inmate whose enrollment in the CASAT program is court ordered, Supreme Court properly directed that petitioner be enrolled in the only portion of the CASAT program that is conducted strictly in a correctional annex and does not require work release approval, namely, phase 1. To the extent that they are properly before us, petitioner's remaining contentions have been reviewed and are determined to be without merit.

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 2008 NY Slip Op 31453(U).]**