■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMEA GLEEN, Appellant. [900 NYS2d 812]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 1, 2008. The judgment convicted defendant, upon her plea of guilty, of attempted kidnapping in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20). Contrary to defendant's contention, the record of the plea proceeding establishes that defendant understood that the waiver of the right to appeal was separate from her plea of guilty (*see People v Dillon*,

67 AD3d 1382 [2009]), and we conclude that her waiver of the right to appeal was knowingly, intelligently, and voluntarily entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Defendant failed to preserve for our review her challenge to the factual sufficiency of the plea allocution by moving to withdraw the plea on that ground or by way of a motion pursuant to CPL 440.10 (*see People v Lopez*, 71 NY2d 662, 665 [1988]) and, in any event, that challenge is encompassed by her valid waiver of the right to appeal (*see People v Grimes*, 53 AD3d 1055, 1056 [2008], *lv denied* 11 NY3d 789 [2008]). The further contention of defendant that she was denied effective assistance of counsel likewise does not survive her plea or her valid waiver of the right to appeal because defendant "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [her] attorney['s] allegedly poor performance' " (*People v Wright*, 66 AD3d 1334 [2009], *lv denied* 13 NY3d 912 [2009]; *see People v McDuffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007]). In any event, the record establishes that defendant received meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

Finally, we conclude that County Court did not abuse its discretion in denying the motion of defendant to withdraw her plea based upon her unsubstantiated assertions of innocence during the course of the presentence investigation. "[A] defendant is not entitled to withdraw [her] guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors" (*People v Alexander*, 97 NY2d 482, 485 [2002] [internal quotation marks omitted]). Here, defendant did not contend during the plea proceeding that she was innocent and, contrary to her contention, the record before us contains no evidence that her plea was coerced (*see People v Zakrzewski*, 7 AD3d 881, 882 [2004]). Present— Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.