# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**57**

**KA 09-00818**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

KAREEM GUILLORY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

ROBERT TUCKER, CANANDAIGUA, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered March 13, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (§ 120.05 [6]) and intimidating a victim or witness in the third degree (§ 215.15 [1]). Defendant contends in each appeal that County Court abused its discretion in denying his motion to withdraw his respective pleas at the time of sentencing because, according to defendant, he entered the guilty pleas under the mistaken belief that, if he pleaded guilty, charges pending against his wife would be dismissed. We reject that contention. "Where a sentencing court keeps the promises it made at the time it accepted a plea of guilty, a defendant should not be permitted to withdraw his plea on the sole ground that he misinterpreted the agreement. Compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant's subjective interpretation thereof" (*People v Cataldo*, 39 NY2d 578, 580). The further challenge by defendant in appeal No. 2 to the factual sufficiency of the plea allocutions with respect to the counts of assault in the second degree and intimidating a victim or witness in the third degree is unpreserved for our review because defendant did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665; *People v Howell*, 60 AD3d 1347, 1347-1348). In any event, his

challenge is without merit.  We reject defendant's further contention
with respect to both appeals that the concurrent sentences imposed are
unduly harsh and severe.  We have considered defendant's remaining
contentions and conclude that none requires reversal.