# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**215**
**KA 09-02408**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DAVID BUTLER, JR., DEFENDANT-APPELLANT.

---

TIMOTHY PATRICK MURPHY, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH, FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered September 30, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the second degree (Penal Law § 140.25 [2]). We reject defendant's contention that his waiver of the right to appeal is invalid. Defendant signed a plea agreement that required him to waive his right to appeal, and he indicated during the plea colloquy that he understood that he was waiving his right to appeal. Under the circumstances, we conclude that defendant's waiver of the right to appeal was knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256; *People v Thomas*, 71 AD3d 1231, 1231-1232, *lv denied* 14 NY3d 893). Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 256; *People v Hidalgo*, 91 NY2d 733, 737). That valid waiver also encompasses defendant's contention that the court erred in ordering restitution following sentencing, inasmuch as the amount of restitution was included in the plea agreement (*see generally People v Thomas*, 77 AD3d 1325).

Entered: February 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court