# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

788

KA 13-00201

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RICHARD KESICK, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 12, 2012. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. County Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice . . . , and the record establishes that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Blurts*, 114 AD3d 1272, 1273, *lv denied* 22 NY3d 1197 [internal quotation marks omitted]; *see People v Lopez*, 6 NY3d 248, 256; *People v Hicks*, 89 AD3d 1480, 1480-1481, *lv denied* 18 NY3d 924). We thus conclude that "[the plea colloquy and the written waiver of the right to appeal signed [and acknowledged in court] by defendant demonstrate that [he] knowingly, intelligently and voluntarily waived the right to appeal" (*People v Caleche*, 94 AD3d 1418, 1419, *lv denied* 19 NY3d 959; *see People v Pulley*, 107 AD3d 1560, 1561, *lv denied* 21 NY3d 1076; *People v Ramsey*, 105 AD3d 1448, 1449, *lv denied* 21 NY3d 1019).

Contrary to defendant's further contention, the valid waiver of the right to appeal encompasses his challenge to the severity of the sentence, including the imposition and amount of restitution, the terms of which were made a part of the plea agreement (*see Lopez*, 6 NY3d at 255; *People v Graves*, 96 AD3d 1466, 1466, *lv denied* 19 NY3d

1026; *People v Butler*, 81 AD3d 1465, 1465, *lv denied* 17 NY3d 805).

Entered:  July 3, 2014                          Frances E. Cafarell
                                                Clerk of the Court