# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**385**
**KA 14-01745**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL A. LORRAINE, DEFENDANT-APPELLANT.

---

KATHLEEN A. KUGLER, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered August 13, 2014.  The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the fourth degree (Penal Law §§ 110.00, 220.09 [1]), defendant contends that County Court abused its discretion in denying his motion to withdraw his plea at sentencing because his plea was not knowingly, voluntarily and intelligently entered.  According to defendant, he was under the misunderstanding at the time of the plea that, if he pleaded guilty, other charges pending against him would be dismissed, and the court did not conduct a sufficient inquiry into his misunderstanding to enable it to make an informed decision to deny the motion.  Although defendant's contention survives his valid waiver of the right to appeal (*see People v Jackson*, 126 AD3d 1512, 1512, *lv denied* 25 NY3d 1202), we nevertheless conclude that it lacks merit.  It is well settled that "[p]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in [the inducement of] the plea" (*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053; *see People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015).  There is no such evidence on this record.  Where, as here, "a sentencing court keeps the promises it made at the time it accepted a plea of guilty, a defendant should not be permitted to withdraw his plea on the sole ground that he misinterpreted the agreement.  Compliance with a plea bargain is to be tested against an

objective reading of the bargain, and not against a defendant's subjective interpretation thereof" (*People v Cataldo*, 39 NY2d 578, 580; *see People v Guillory*, 81 AD3d 1394, 1395, *lv denied* 16 NY3d 895).  Inasmuch as "the plea bargain here is susceptible to but one interpretation," we conclude that the court did not abuse its discretion in denying defendant's motion to withdraw his plea (*Cataldo*, 39 NY2d at 580).  Furthermore, defendant was "afforded [a] reasonable opportunity to present his contentions," and the record establishes that the court made "an informed determination" in denying the motion (*People v Tinsley*, 35 NY2d 926, 927; *see People v Alston*, 23 AD3d 1041, 1042, *lv denied* 6 NY3d 752).

Finally, we conclude that the valid waiver of the right to appeal encompasses defendant's challenge to the severity of the bargained-for sentence (*see People v Lopez*, 6 NY3d 248, 256; *see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

Frances E. Cafarell

Entered:  April 29, 2016

Clerk of the Court