People v Bradley (2021 NY Slip Op 04458)





People v Bradley


2021 NY Slip Op 04458


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


560 KA 17-01491

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERALD BRADLEY, DEFENDANT-APPELLANT. 






DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered July 18, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). Defendant contends that he is entitled to vacatur of the plea because, contrary to the alleged promise of County Court, he was not eligible for immediate enrollment in the Comprehensive Alcohol and Substance Abuse Treatment (CASAT) program following his combined plea and sentencing proceeding. Even assuming, arguendo, that preservation was not required under the circumstances of this case (see generally People v Williams, 27 NY3d 212, 219-225 [2016]; People v Balkum, 169 AD3d 1358, 1359 [4th Dept 2019], lv denied 33 NY3d 974 [2019]), we conclude that defendant's contention lacks merit. Here, the record establishes that the court made no promise with respect to defendant's immediate participation in the CASAT program (see People v Wrobel, 57 AD3d 1499, 1500 [4th Dept 2008], lv denied 12 NY3d 789 [2009]; People v Martin, 55 AD3d 1304, 1304 [4th Dept 2008], lv denied 11 NY3d 899 [2008]; People v McKoy, 52 AD3d 1246, 1247 [4th Dept 2008], lv denied 11 NY3d 833 [2008]). Instead, the court fulfilled the promise it did make by issuing an order—which was provided by defense counsel to the court for signature—directing defendant's enrollment in that program, but only on the condition that defendant satisfied the statutory eligibility criteria for participation in such program (see Penal Law § 60.04 [6]; see generally McKoy, 52 AD3d at 1247). To the extent that defendant claims that he entered the plea under the mistaken belief that he was eligible for immediate participation in the CASAT program, we note that where, as here, "a sentencing court keeps the promise[] it made at the time it accepted a plea of guilty, a defendant should not be permitted to withdraw his [or her] plea on the sole ground that he [or she] misinterpreted the agreement. Compliance with a plea bargain is to be tested against an objective reading of the bargain, and not against a defendant's subjective interpretation thereof" (People v Cataldo, 39 NY2d 578, 580 [1976]; see People v Lorraine, 138 AD3d 1494, 1495 [4th Dept 2016], lv denied 28 NY3d 933 [2016]; People v Guillory, 81 AD3d 1394, 1395 [4th Dept 2011], lv denied 16 NY3d 895 [2011]).
Defendant also contends that his plea was not voluntarily entered because the court failed to inform him of the eligibility criteria for the CASAT program, which defendant characterizes as a direct consequence of the plea. Even assuming, arguendo, that defendant was not required to preserve that contention under the circumstances of this case (see generally Williams, 27 NY3d at 219-225), we nonetheless conclude that it lacks merit. "It is well settled that, in order for a plea to be knowingly, voluntarily and intelligently entered, a defendant must be advised of the direct consequences of that plea" (People v Jones, 118 AD3d 1360, 1361 [4th Dept 2014]; see [*2]People v Harnett, 16 NY3d 200, 205 [2011]; People v Catu, 4 NY3d 242, 244 [2005]). "The direct consequences of a plea—those whose omission from a plea colloquy makes the plea per se invalid—are essentially the core components of a defendant's sentence: a term of probation or imprisonment, a term of postrelease supervision, a fine" (Harnett, 16 NY3d at 205). Here, we conclude that any restrictions on defendant's eligibility for participation in the CASAT program constituted a collateral consequence of the plea, and thus the court's failure to discuss the eligibility criteria does not warrant vacatur of the plea (see People v Colt, 39 AD3d 770, 770 [2d Dept 2007]). Contrary to defendant's related contention, we further conclude on the record before us that defendant failed to "show that he pleaded guilty in ignorance of a consequence that, although collateral for purposes of due process, was of such great importance to him that he would have made a different decision had that consequence been disclosed" (People v Gravino, 14 NY3d 546, 559 [2010]; see Harnett, 16 NY3d at 207-208).
Defendant's contention that he was denied effective assistance of counsel survives his guilty plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see People v Seymore, 188 AD3d 1767, 1769 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "received an advantageous plea, and 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]; see Martin, 55 AD3d at 1305). Insofar as defendant contends that defense counsel misinformed him about his eligibility for the CASAT program, his contention "involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440" (Wrobel, 57 AD3d at 1500; see People v Moran, 57 AD3d 1010, 1010 [2d Dept 2008], lv denied 12 NY3d 918 [2009]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Finally, we note that the combined plea and sentencing proceeding and the sentence reflect defendant's status as a second felony drug offender (Penal Law § 70.70 [1] [b]), and the record thus confirms that the court merely misstated during sentencing that defendant was a second felony offender rather than a second felony drug offender (see Seymore, 188 AD3d at 1770; People v Feliciano, 108 AD3d 880, 881 n 1 [3d Dept 2013], lv denied 22 NY3d 1040 [2013]). Inasmuch as the certificate of conviction incorrectly reflects that defendant was sentenced as a second felony offender, it must be amended to reflect that he was sentenced as a second felony drug offender (see People v Easley, 124 AD3d 1284, 1285 [4th Dept 2015], lv denied 25 NY3d 1200 [2015]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court