People v Fox (2022 NY Slip Op 02722)

People v Fox

2022 NY Slip Op 02722

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.

863 KA 20-00575

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CODY J. FOX, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ANTHONY BELLETIER, SYRACUSE, FOR DEFENDANT-APPELLANT.
LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered May 17, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). In appeal
No. 2, he appeals from a judgment convicting him upon his plea of guilty of unlawful manufacture of methamphetamine in the second degree (§ 220.74 [2]). In appeal No. 3, he appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (§§ 110.00, 120.05 [2]).
With respect to all three appeals, insofar as defendant contends that his plea was not knowingly, intelligently, or voluntarily entered due to County Court's failure at the plea colloquy to adequately explain to him defense counsel's purported conflict of interest, we conclude that defendant's contention is unpreserved because he did not move to withdraw the guilty pleas or to vacate the judgments of conviction on that basis (see People v Stafford, 195 AD3d 1466, 1467 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]; People v Bentley, 191 AD3d 1392, 1392 [4th Dept 2021], lv denied 37 NY3d 954 [2021]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant's further contention, with respect to appeal No. 1, we conclude that the court did not abuse its discretion in summarily denying his motion to withdraw his plea on the ground that he was innocent of criminal possession of a weapon in the second degree. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017] [internal quotation marks omitted]; see People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). Further, "[a] defendant is not entitled to withdraw [his] guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors" (People v Gleen, 73 AD3d 1443, 1444 [4th Dept 2010], lv denied 15 NY3d 773 [2010] [internal quotation marks omitted]; see People v Alexander, 97 NY2d 482, 485 [2002]). To that end, " 'a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding' " (People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]; see generally People v Said, 105 AD3d [*2]1392, 1393 [4th Dept 2013], lv denied 21 NY3d 1019 [2013]).
Here, we conclude that the court did not abuse its discretion in summarily denying the motion because defendant's assertions of innocence are belied by his statements at the plea colloquy admitting that he unlawfully possessed a weapon on the day in question (see Lewicki, 118 AD3d at 1329). Additionally, defendant's assertions of innocence were entirely unsubstantiated on the motion (see People v Stutzman, 158 AD3d 1294, 1295-1296 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]; Gleen, 73 AD3d at 1444). Moreover, even if defendant had submitted evidence supporting his assertion that he was innocent of the weapons charge because the gun had been sold by the manufacturer on a date when defendant was incarcerated, thereby precluding a finding that he had purchased the gun himself, such evidence would be completely irrelevant to whether defendant possessed the gun on the date in question (see Penal Law § 265.03 [3]).
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of the sentence with respect to all three appeals (see People v Aliotta, 196 AD3d 1179, 1179 [4th Dept 2021]; see generally People v Thomas, 34 NY3d 545, 562 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Desjardins, 196 AD3d 1177, 1177 [4th Dept 2021]), we conclude that the bargained-for aggregate sentence is not unduly harsh or severe.
With respect to appeal No. 1, we note that the court merely misstated at sentencing that defendant was a second violent felony offender, rather than a second felony offender (see People v Bradley, 196 AD3d 1168, 1170-1171 [4th Dept 2021]; People v Seymore, 188 AD3d 1767, 1770 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). Inasmuch as the certificate of conviction incorrectly reflects that defendant was sentenced as a second violent felony offender, it must be amended to reflect that he was sentenced as a second felony offender (see Bradley, 196 AD3d at 1171). Additionally, we note that the certificate of conviction in appeal No. 1 incorrectly recites that defendant was convicted of criminal possession of a weapon in the second degree under Penal Law § 265.03 (1), and it must therefore be further amended to reflect that he was convicted of that crime under Penal Law § 265.03 (3) (see People v Howard, 92 AD3d 1219, 1220 [4th Dept 2012], lv denied 19 NY3d 864 [2012], reconsideration denied 19 NY3d 997 [2012]).
With respect to appeal No. 2, we note that at sentencing the court failed to pronounce orally a period of postrelease supervision. We therefore modify the judgment in appeal No. 2 by vacating the sentence, and we remit the matter to County Court for resentencing (see People v Sparber, 10 NY3d 457, 469-470 [2008]; People v Stephens [appeal No. 2], 160 AD3d 1473, 1474 [4th Dept 2018], lv denied 31 NY3d 1153 [2018]). We also note in appeal No. 2 that the court misstated at sentencing that defendant was being sentenced as a second felony offender, rather than as a second felony drug offender (see Penal Law § 70.70 [1] [b]; see generally People v Manners, 196 AD3d 1125, 1127 [4th Dept 2021], lv denied 37 NY3d 1028 [2021]), and we therefore direct the court to correct that error on remittal.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court