■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN DANIELS, Appellant. [872 NYS2d 335]—Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 19, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). The challenge by defendant to the factual sufficiency of the plea allocution is encompassed by his valid waiver of the right to appeal (*see People v Thomas*, 56 AD3d 1240 [2008]). The contention of defendant that his plea was not knowingly, intelligently and voluntarily entered because he failed to recite the elements of the crime is actually an additional challenge to the factual sufficiency of the plea allocution, and that challenge also does not survive his valid waiver of the right to appeal (*see People v Ramos*, 56 AD3d 1180 [2008]). In any event, defendant failed to preserve those challenges for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Bailey*, 49 AD3d 1258, 1259 [2008], *lv denied* 10 NY3d 932 [2008]).

To the extent that the further contention of defendant that he was denied effective assistance of counsel survives his plea

and valid waiver of the right to appeal (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), we conclude that his contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Prior to entering his plea, defendant acknowledged that he had discussed the plea with defense counsel, that he was satisfied with defense counsel's representation, and that no one had influenced his decision to enter the plea. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.