■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. FELIZ, Appellant. [894 NYS2d 637]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 15, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of robbery in the first degree (Penal Law § 160.15 [4]). The challenge by defendant to the factual sufficiency of the plea allocution does not survive his waiver of the right to appeal (*see People v Capoccetta*, 67 AD3d 1395 [2009]), the validity of which is not challenged by defendant. Additionally, by failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve that challenge for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Crandall*, 66 AD3d 1455 [2009]). The waiver of the right to appeal also encompasses the challenge by defendant to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]).

Defendant further contends that County Court did not conduct a sufficient inquiry during the plea colloquy to determine whether he was under the influence of any drugs or medications. Although that contention concerns the voluntariness of the plea and thus survives defendant's valid waiver of the right to appeal, as noted defendant failed to move to withdraw the plea or to vacate the judgment of conviction and therefore failed to preserve his contention for our review (*see People v Zulian*, 68 AD3d 1731 [2009]). In any event, defendant's contention lacks merit, inasmuch as the record establishes that the court in fact conducted a sufficient inquiry by asking defendant, "Do you have any problems today, either physically or mentally, that in any way interfere with your understanding of what we're doing here" (*see Lopez*, 71 NY2d at 666; *People v Wilson*, 59 AD3d 975 [2009], *lv denied* 12 NY3d 861 [2009]). Defendant did not indicate in response thereto that he was unable to understand his rights or the terms of the plea agreement (*see People v Davis*, 37 AD3d 1179 [2007], *lv denied* 8 NY3d 983 [2007]). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.