■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLORENCE COPP, Appellant. [910 NYS2d 798]—

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered July 7, 2009. The judgment convicted defendant, upon her plea of guilty, of criminal possession of stolen property in the third degree, grand larceny in the fourth degree (two counts) and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of one count each of criminal possession of stolen property in the third degree (Penal Law § 165.50) and grand larceny in the third degree (§ 155.35), and two counts of grand larceny in the fourth degree (§ 155.30 [1]). The contention of defendant that her plea was not knowing, voluntary, or intelligent because neither she nor County Court recited the value of the property she had stolen is actually a challenge to the factual sufficiency of the plea allocution. Defendant failed to preserve that challenge for our review by failing to move to withdraw the plea or to vacate the judgment of conviction on that ground (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Thomas, 72 AD3d 1483 [2010]), and this case does not fall within the narrow exception to the preservation requirement set forth in Lopez (71 NY2d at 665).

Contrary to the further contention of defendant, the court did not abuse its discretion in denying her motion to withdraw her guilty plea on the ground that she allegedly was innocent and was coerced into pleading guilty (see People v Spikes, 28 AD3d 1101, 1102 [2006], lv denied 7 NY3d 818 [2006]). That contention, which is based on the fact that the arresting officers were present at the time of her plea, is "belied by [her] statements made under oath during the plea colloquy" (id.; see People v McKoy, 60 AD3d 1374 [2009], lv denied 12 NY3d 856 [2009]).

Finally, we reject the contention of defendant that the court erred in refusing to suppress her statements made to the Sheriff's deputies. The record supports the court's determination that the statements were not the product of custodial interrogation but, rather, were made in response to investigatory questioning before she was advised of her Miranda rights and waived them (see People v O'Hanlon, 5 AD3d 1012 [2004], lv denied 3 NY3d 645 [2004]). Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.