# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

308

KA 10-01508

PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

JEFFREY S. WACKWITZ, SR., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (JOHN C. LUZIER
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered November 9, 2009. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree and scheme to defraud in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law former § 155.35) and scheme to defraud in the first degree (§ 190.65 [1] [b]). In appeal No. 2, he appeals from a judgment convicting him, upon the same plea of guilty, of burglary in the third degree (§ 140.20). Contrary to the contention of defendant in both appeals, his waiver of the right to appeal was valid. County Court "expressly ascertained from defendant that, as a condition of the plea, he was agreeing to waive his right to appeal, and the court did not treat that right as one of the rights automatically forfeited by a guilty plea" (*People v Bilus*, 44 AD3d 325, 326, *lv denied* 9 NY3d 1031; *see People v Lopez*, 6 NY3d 248, 256-257; *cf. People v Moyett*, 7 NY3d 892). The valid waiver encompasses defendant's challenge to the factual sufficiency of the plea allocution (*see People v Jackson*, 50 AD3d 1615, 1615-1616, *lv denied* 10 NY3d 960). In any event, defendant failed to move to withdraw the plea or to vacate the judgments of conviction on that ground and thus failed to preserve that challenge for our review (*see People v Lopez*, 71 NY2d 662, 665). This case does not fall within the rare exception to the preservation requirement set forth in *Lopez* (71 NY2d at 666). Even assuming, arguendo, that defendant's statements during the colloquy called into question the voluntariness of the plea and thus that the preservation exception applies, we conclude upon our review of the record that the court made

sufficient further inquiry to ensure that defendant's plea was knowing and voluntary (*see id.*).