# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**808**
**KA 12-02287**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BANGALY D. CHELLEY, ALSO KNOWN AS "AFRICA,"
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 13, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant, a noncitizen, appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]; *see* § 265.02 [1]). Defendant implicitly contends that the failure of Supreme Court to advise him that he could be subject to deportation if he pleaded guilty renders his plea involuntary (*see People v Peque*, 22 NY3d 168, 197). We conclude that defendant's contention is not preserved for our review (*see* CPL 470.05 [2]), and that, under the circumstances of this case, the narrow exception to the preservation doctrine does not apply (*cf. Peque*, 22 NY3d at 182-183). It is undisputed that the presentence report stated that there was an immigration detainer on file at the Erie County Holding Center and that it was expected that defendant would face deportation proceedings when released from incarceration. Thus, defendant failed to establish that he "did not know about the possibility of deportation during the . . . sentencing proceeding[], [and thus that] he had no opportunity to withdraw his plea based on the court's failure to apprise him of potential deportation" (*id.* at 183; *see generally* CPL 220.60 [3]; *People v Murray*, 15 NY3d 725, 726-727). Although the waiver of the right to appeal does not encompass defendant's contention that the bargained-for sentence is unduly harsh and severe (*see People v Maracle*, 19 NY3d

925, 928), we nevertheless reject that contention.