# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

607

KA 13-01885

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PETER DAVIS, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (MEGAN P. DADD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered September 10, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while ability impaired by drugs.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). Contrary to defendant's contention, the record establishes that he validly waived his right to appeal both orally and in writing before pleading guilty. The record establishes that County Court conducted " 'an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401, *lv denied* 10 NY3d 863; *see People v Estevez-Santos*, 114 AD3d 1174, 1175, *lv denied* 23 NY3d 1019), and that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256).

Defendant contends that the court abused its discretion in denying his motion to withdraw his plea of guilty, which was premised on his allegations that he was under the influence of medication that impacted his ability to understand the plea proceedings and that, therefore, the plea was not knowing, intelligent and voluntary. That contention survives defendant's valid waiver of the right to appeal (*see People v Lawrence*, 118 AD3d 1501, 1501, *lv denied* 24 NY3d 1220; *People v Torres*, 117 AD3d 1497, 1498, *lv denied* 24 NY3d 965), and he preserved that contention for our review by moving to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665). We nevertheless reject defendant's contention. "Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit

withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (*People v Robertson*, 255 AD2d 968, 968, *lv denied* 92 NY2d 1053; *see People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015). Inasmuch as defendant tendered no such evidence on his motion, we perceive no abuse of discretion.

We reject defendant's further contention that the court should have conducted a hearing on his motion. Where, as here, "a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made" (*People v Brown*, 14 NY3d 113, 116 [internal quotation marks omitted]; *see People v Mitchell*, 21 NY3d 964, 966). "Only in the rare instance will a defendant be entitled to an evidentiary hearing" (*People v Tinsley*, 35 NY2d 926, 927). Here, we conclude that defendant was afforded a reasonable opportunity to present his contention that, because of the influence of his medication, his plea was not knowing, intelligent, and voluntary (*see People v Walker*, 114 AD3d 1257, 1258, *lv denied* 23 NY3d 1044). We note, however, that defendant failed to substantiate his contention inasmuch as he submitted only his self-serving statements and his attorney's assertions made upon information and belief (*see People v Ashley*, 71 AD3d 1286, 1287, *affd* 16 NY3d 725; *People v Watkins*, 107 AD3d 1416, 1417, *lv denied* 22 NY3d 959). Furthermore, "[d]efendant's contention is belied by the record of the plea proceeding, which establishes that his factual allocution was lucid and detailed and that defendant understood both the nature of the proceedings and that he was waiving various rights" (*People v Hayes*, 39 AD3d 1173, 1175, *lv denied* 9 NY3d 923). In light of those circumstances, we cannot conclude that this case is one of those "rare instance[s]" in which defendant was entitled to a hearing on his motion (*Tinsley*, 35 NY2d at 927).

Finally, defendant's valid waiver of the right to appeal encompasses his further contention that the sentence is unduly harsh and severe (*see People v Rodman*, 104 AD3d 1186, 1188, *lv denied* 22 NY3d 1202; *see generally Lopez*, 6 NY3d at 255-256).

Entered: June 19, 2015                    Frances E. Cafarell
                                          Clerk of the Court