SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

89

KA 14-02223

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

KENNETH S. LATHROP, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered June 11, 2014. The judgment convicted defendant, upon his plea of guilty, of reckless assault of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of reckless assault of a child (Penal Law § 120.02 [1]). Contrary to defendant's contention, the record establishes that he validly waived his right to appeal both orally and in writing before pleading guilty. The record establishes that Supreme Court conducted " 'an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Glasper*, 46 AD3d 1401, 1401, *lv denied* 10 NY3d 863; *see People v Barber*, 117 AD3d 1430, 1430, *lv denied* 24 NY3d 1081). Defendant contends that his plea was not knowingly and intelligently entered because he did not admit that his actions caused a serious physical injury to the child. Defendant's contention is actually a challenge to the factual sufficiency of the plea allocution (*see People v Schmidli*, 118 AD3d 1491, 1491, *lv denied* 23 NY3d 1067; *People v Daniels*, 59 AD3d 943, 943, *lv denied* 12 NY3d 852), which does not survive his valid waiver of the right to appeal (*see People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015; *People v Wackwitz*, 93 AD3d 1220, 1221, *lv denied* 19 NY3d 868; *Daniels*, 59 AD3d at 943). In any event, defendant failed to preserve that contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see Wackwitz*, 93 AD3d at 1221; *People v Copp*, 78 AD3d 1548, 1549, *lv denied* 16 NY3d 797). To the extent that defendant contends that the court abused its discretion in denying his motion to withdraw his plea, we conclude

that it is without merit (*see People v Davis*, 129 AD3d 1613, 1613-1614, *lv denied* 26 NY3d 966).  The valid waiver of the right to appeal encompasses defendant's further contention that the sentence is unduly harsh and severe (*see People v Lopez*, 6 NY3d 248, 256).

Frances E. Cafarell
                                                     Clerk of the Court