# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**49**

**KA 14-01058**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL HAND, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (LORA J. TRYON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered April 1, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]). Contrary to defendant's contention, we conclude that the record establishes that County Court "conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Davis*, 129 AD3d 1613, 1613, *lv denied* 26 NY3d 966 [internal quotation marks omitted]), and that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256). Contrary to defendant's further contentions, his " 'monosyllabic affirmative responses to questioning by [the c]ourt do not render his [waiver] unknowing and involuntary' " (*People v Harris*, 94 AD3d 1484, 1485, *lv denied* 19 NY3d 961), and the court "was not required to specify during the colloquy which specific claims survive the waiver of the right to appeal" (*People v Rodriguez*, 93 AD3d 1334, 1335, *lv denied* 19 NY3d 966; *see People v Kosty*, 122 AD3d 1408, 1408, *lv denied* 24 NY3d 1220). Defendant's contention that "his plea was not knowing, intelligent and voluntary 'because he did not recite the underlying facts of the crime but simply replied to [the c]ourt's questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution,' which is encompassed by the valid waiver of the right to appeal" (*People v Simcoe*, 74 AD3d 1858, 1859, *lv denied* 15 NY3d 778). Finally, defendant's valid waiver of the right to appeal

encompasses his challenge to the severity of the sentence (*see Davis*, 129 AD3d at 1615; *see generally Lopez*, 6 NY3d at 255-256).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court