# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

472
KA 16-01961
PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

      V         MEMORANDUM AND ORDER

NATHAN J. ROSEKRANS, DEFENDANT-APPELLANT.

---

ANDREW MANCILLA, NEW YORK CITY, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered May 4, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [4]). The charges arose from allegations that defendant injected a mixture of drugs into his girlfriend, who thereby overdosed. Defendant contends that County Court abused its discretion in denying his motion to withdraw his plea of guilty, which was premised largely on his subsequent claim of innocence during his presentence interview. We reject that contention.

" 'Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Davis*, 129 AD3d 1613, 1614, *lv denied* 26 NY3d 966). Here, defendant failed to substantiate his own claim of innocence with a sworn affidavit (*see People v Watkins*, 107 AD3d 1416, 1417, *lv denied* 22 NY3d 959). Instead, defendant based his motion on his statement of innocence during his presentence interview, as supported by his alleged "prior consistent statement" regarding his innocence in a police report. We conclude that neither statement constitutes the requisite "evidence" that would permit us to determine that the court abused its discretion in denying defendant's motion (*Davis*, 129 AD3d at 1614). It is well settled that a court may deny a motion to withdraw a plea based on "unsubstantiated assertions of innocence during the course of the presentence investigation" (*People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773; *see also People v Gomez*,

114 AD3d 701, 702, *lv denied* 23 NY3d 963; *People v Campeau*, 300 AD2d 1082, 1082, *lv denied* 99 NY2d 613). Moreover, the police report does not support a claim of innocence. Defendant initially gave the police two conflicting accounts that his girlfriend had injected herself with drugs but, after he received his *Miranda* warnings, he confessed to compounding the mixture of drugs himself and injecting his girlfriend with them. We cannot conclude that defendant's initial, contradictory, and self-serving attempts to evade responsibility for his criminal actions fall within the category of a prior consistent statement (*see generally People v Buie*, 86 NY2d 501, 509-511; *People v Green*, 122 AD3d 1342, 1344), especially given that " 'nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea' " (*People v Brinson*, 130 AD3d 1493, 1493, *lv denied* 26 NY3d 965). We therefore further conclude that defendant's motion was based solely on an unsupported claim of innocence, and thus that the court did not abuse its discretion in denying it (*see People v Haffiz*, 19 NY3d 883, 884-885; *see generally People v Dixon*, 29 NY2d 55, 57). Finally, given the nature of the materials submitted in support of the motion, the court did not abuse its discretion in denying the motion without conducting a fact-finding hearing (*see People v Manor*, 27 NY3d 1012, 1014; *Davis*, 129 AD3d at 1614).

Entered:  April 28, 2017                          Frances E. Cafarell
                                                   Clerk of the Court