■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PERRIN, Appellant. (Appeal No. 1.) [56 NYS3d 392]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered January 5, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from three judgments convicting him, upon his pleas of guilty, of various crimes. In appeal No. 1, defendant was convicted of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and sentenced to, inter alia, three years of incarceration. In appeal No. 2, defendant was convicted of grand larceny in the fourth degree (§ 155.30 [1]) and sentenced to, inter alia, one year of incarceration, to run concurrently and merge with the sentence in appeal No. 1 (see § 70.30 [2] [a]). Finally, in appeal No. 3, defendant was convicted of burglary in the second degree (§ 140.25 [2]) and sentenced to, inter alia, 10 years of incarceration, to run consecutively to the sentence in appeal No. 1.

We note at the outset that we dismiss the appeal from the judgment in appeal No. 2 because defendant raises no contentions with respect thereto (see People v Scholz, 125 AD3d 1492, 1492 [2015], lv denied 25 NY3d 1077 [2015]). With respect to

appeal No. 1, we agree with defendant that County Court's colloquy concerning the waiver of the right to appeal was insufficient "to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Lathrop*, 136 AD3d 1314, 1314 [2016], *lv denied* 27 NY3d 1134 [2016] [internal quotation marks omitted]). Furthermore, there was no discussion during the plea colloquy whether the waiver encompassed a challenge to the sentence; the court mentioned only a right to appeal the conviction (*see People v Maracle*, 19 NY3d 925, 928 [2012]). Although "[a] detailed written waiver can supplement a court's on-the-record explanation of what a waiver of the right to appeal entails, . . . a written waiver does not, standing alone, provide sufficient assurance that the defendant is knowingly, intelligently and voluntarily giving up his or her right to appeal" (*People v Banks*, 125 AD3d 1276, 1277 [2015], *lv denied* 25 NY3d 1159 [2015] [internal quotation marks omitted]). We thus conclude that the waiver of the right to appeal in appeal No. 1 does not preclude defendant's challenge to the enhanced sentence in that appeal.

Contrary to defendant's further contention, however, the enhanced sentence in appeal No. 1 and the sentence imposed in appeal No. 3 are not unduly harsh or severe. Present— Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.