██ The People of the State of New York, Respondent, v Eduardo Burtes, Appellant. [58 NYS3d 766]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered February 3, 2015. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]). Contrary to defendant's contention, we conclude that the record establishes that County Court "conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Davis*, 129 AD3d 1613, 1613 [2015], *lv denied* 26 NY3d 966 [2015] [internal quotation marks omitted]), and that "[t]he 'plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Williams*, 132 AD3d 1291, 1291 [2015], *lv denied* 26 NY3d 1151 [2016]; *see People v Lopez*, 6 NY3d 248, 256 [2006]). Contrary to defendant's further contention, the court "was not required

to specify during the colloquy which specific claims survive the waiver of the right to appeal" (*People v Rodriguez*, 93 AD3d 1334, 1335 [2012], *lv denied* 19 NY3d 966 [2012]).

Defendant's contention that "his plea was not knowing, intelligent and voluntary 'because he did not recite the underlying facts of the crime but simply replied to [the court's] questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution,' which is encompassed by the valid waiver of the right to appeal" (*People v Simcoe*, 74 AD3d 1858, 1859 [2010], *lv denied* 15 NY3d 778 [2010]). Defendant's further contention that his plea was not knowing, intelligent and voluntary because the court was unclear in reciting the value of the stolen property "is actually an additional challenge to the factual sufficiency of the plea allocution, and that challenge also does not survive his valid waiver of the right to appeal" (*People v Daniels*, 59 AD3d 943, 943 [2009], *lv denied* 12 NY3d 852 [2009]; *see People v Copp*, 78 AD3d 1548, 1549 [2010], *lv denied* 16 NY3d 797 [2011]). In addition, defendant contends that his plea was involuntary because he stated that he was dependent on narcotic pain medication and expressed uncertainty about his understanding of the proceedings, and the court failed to conduct a sufficient inquiry to ensure that the plea was voluntary. Although that contention survives the waiver of the right to appeal, defendant failed to preserve his contention for our review because he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Feliz*, 70 AD3d 1355, 1356 [2010], *lv denied* 14 NY3d 887 [2010]; *People v Brown*, 305 AD2d 1068, 1068-1069 [2003], *lv denied* 100 NY2d 579 [2003]). In any event, that contention lacks merit. The record establishes that the court conducted a sufficient inquiry to ensure that the plea was voluntary, and defendant responded that he had not taken any narcotic pain medication for nearly two weeks prior to the plea and that he understood the proceedings (*see People v Rosado*, 70 AD3d 1315, 1316 [2010], *lv denied* 14 NY3d 892 [2010]; *People v Zulian*, 68 AD3d 1731, 1732 [2009], *lv denied* 14 NY3d 894 [2010]).

Finally, defendant's valid waiver of the right to appeal encompasses his challenges to the court's suppression ruling (*see People v Sanders*, 25 NY3d 337, 342 [2015]; *People v Kemp*, 94 NY2d 831, 833 [1999]), and to the severity of his sentence (*see Lopez*, 6 NY3d at 255-256; *Davis*, 129 AD3d at 1615; *cf. People v Maracle*, 19 NY3d 925, 928 [2012]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.