People v Tapia (2018 NY Slip Op 00677)





People v Tapia


2018 NY Slip Op 00677


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


90 KA 14-00995

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NELSON TAPIA, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
BARRY PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (W. Patrick Falvey, A.J.), rendered April 24, 2014. The judgment convicted defendant, upon his plea of guilty, of promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Contrary to defendant's contention, the record establishes that County Court "conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Burtes, 151 AD3d 1806, 1806 [4th Dept 2017], lv denied 30 NY3d 978 [2017] [internal quotation marks omitted]; see People v Hand, 147 AD3d 1326, 1326 [4th Dept 2017], lv denied 29 NY3d 998 [2017]). Contrary to defendant's further contention, the court " was not required to specify during the colloquy which specific claims survive the waiver of the right to appeal' " (Burtes, 151 AD3d at 1806-1807).
Defendant's contention that "his plea was not knowing, intelligent and voluntary because he did not recite the underlying facts of the crime but simply replied to [the court's] questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution,' which is encompassed by the valid waiver of the right to appeal" (People v Simcoe, 74 AD3d 1858, 1859 [4th Dept 2010], lv denied 15 NY3d 778 [2010]; see Burtes, 151 AD3d at 1807).
In addition, defendant contends that his plea was involuntary because he negated essential elements of the crime and expressed confusion in his responses during the plea colloquy, and the court failed to conduct a sufficient inquiry to ensure that the plea was voluntary. That contention survives the waiver of the right to appeal, but defendant failed to preserve it for our review because he did not move to withdraw the plea or to vacate the judgment of conviction, and this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665 [1988]). Although defendant initially negated essential elements of promoting prison contraband in the first degree by denying that he knowingly possessed dangerous contraband (see Penal Law § 205.25 [2]; People v Harris, 134 AD3d 1587, 1587-1588 [4th Dept 2015], lv denied 27 NY3d 998 [2016]), the record establishes that the court conducted the requisite further inquiry and that defendant's responses to the court's subsequent questions removed any doubt about his guilt (see People v Bonacci, 119 AD3d 1348, 1349 [4th Dept 2014], lv denied 24 NY3d 1042 [2014]). To the extent that defendant's other statements during the plea colloquy "otherwise call[ed] into question the voluntariness of the plea" (Lopez, 71 NY2d at 666), we conclude that the court properly accepted the plea after making "further inquir[ies] to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered" (id.).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court