People v Roman (2018 NY Slip Op 03048)





People v Roman


2018 NY Slip Op 03048


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


602 KA 16-01230

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHANNA ROMAN, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 29, 2010. The judgment convicted defendant, upon her plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Oneida County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting her upon a plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant, a noncitizen, contends that her felony guilty plea was not knowingly, voluntarily, and intelligently entered because County Court failed to advise her of the potential deportation consequences of such a plea, as required by People v Peque (22 NY3d 168 [2013], cert denied — US &mdash, 135 S Ct 90 [2014]). As a preliminary matter, we note that defendant's challenge to the voluntariness of her plea survives her waiver of the right to appeal (see People v Burtes, 151 AD3d 1806, 1807 [4th Dept 2017], lv denied 30 NY3d 978 [2017]). Furthermore, contrary to the People's contention, preservation was not required inasmuch as the record bears no indication that defendant knew about the possibility of deportation (see Peque, 22 NY3d at 183; cf. People v Chelley, 120 AD3d 987, 988 [4th Dept 2014]). With respect to defendant's substantive contention, the People correctly concede that the court did not properly advise defendant of the deportation consequences of her plea. We therefore hold the case, reserve decision and remit the matter to County Court to afford defendant an opportunity to move to vacate her plea based upon a showing that "there is a reasonable probability' that she would not have pleaded guilty had she known that she faced the risk of being deported as a result of the plea" (People v Puskar, 149 AD3d
1548, 1548 [4th Dept 2017], quoting Peque, 22 NY3d at 176).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court