People v Watson (2019 NY Slip Op 01044)





People v Watson


2019 NY Slip Op 01044


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1453 KA 17-00187

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY WATSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 4, 2017. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law
§ 160.05). Contrary to defendant's contention, his waiver of the right to appeal is valid (see generally People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). The record establishes that defendant had " a full appreciation of the consequences' of such waiver" (Bradshaw, 18 NY3d at 264) inasmuch as Supreme Court "provided defendant with an extensive and detailed description of the proposed waiver of the right to appeal" and ascertained his understanding thereof (People v Thomas, 158 AD3d 1191, 1191 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]; see People v Walker, 151 AD3d 1765, 1765 [4th Dept 2017], lv denied 30 NY3d 954 [2017]; People v Verse, 61 AD3d 1409, 1409 [4th Dept 2009], lv denied 12 NY3d 930 [2009]). Contrary to defendant's further contention, as we have repeatedly stated, "a waiver of the right to appeal [is] not rendered invalid based on [a] court's failure to require [the] defendant to articulate the waiver in his [or her] own words" (People v Gast, 114 AD3d 1270, 1270 [4th Dept 2014], lv denied 22 NY3d 1198 [2014] [internal quotation marks omitted]; see e.g. People v Scott, 144 AD3d 1597, 1597 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Dozier, 59 AD3d 987, 987 [4th Dept 2009], lv denied 12 NY3d 815 [2009]).
Defendant contends that the court abused its discretion in denying his motion to withdraw his plea of guilty, which was premised on his allegations that he was under the influence of recently prescribed pain medication that affected his ability to understand the plea proceeding and that the plea was therefore not knowing, intelligent and voluntary. Although that contention survives defendant's valid waiver of the right to appeal (see People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]), we conclude that his contention lacks merit. Defendant, in response to the court's inquiry during the plea proceeding, denied that he had "any drugs or alcohol or substances like that in [his] system" (see People v Feliz, 70 AD3d 1355, 1356 [4th Dept 2010], lv denied 14 NY3d 887 [2010]; People v Spikes, 28 AD3d 1101, 1102 [4th Dept 2006], lv denied 7 NY3d 818 [2006]), and his contention is further "belied by the record of the plea proceeding, which establishes that defendant's factual allocution was lucid and detailed and that defendant understood both the nature of the proceedings and that he was [forfeiting and] waiving various rights" (People v Hayes, 39 AD3d 1173, 1175 [4th Dept 2007], lv denied 9 NY3d 923 [2007]; see Davis, 129 AD3d at 1614).
Finally, defendant's challenge to the severity of the enhanced sentence imposed as a result of his postplea conduct is not encompassed by his valid waiver of the right to appeal [*2]inasmuch as the court "failed to advise defendant prior to his waiver of the potential period of incarceration that could be imposed for an enhanced sentence" (People v Tyo, 140 AD3d 1697, 1699 [4th Dept 2016], lv denied 28 NY3d 1127 [2016] [internal quotation marks omitted]; see People v Scott, 101 AD3d 1773, 1774 [4th Dept 2012], lv denied 21 NY3d 1019 [2013]). We conclude, however, that the sentence is not unduly harsh or severe.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court