People v Nichiporuk (2019 NY Slip Op 01988)





People v Nichiporuk


2019 NY Slip Op 01988


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1362 KA 16-00890

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
INNA NICHIPORUK, DEFENDANT-APPELLANT. 






KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered April 4, 2016. The judgment convicted defendant, upon her plea of guilty, of felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon a plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), defendant contends that County Court erred in denying her motion to withdraw her guilty plea. We affirm.
Contrary to defendant's contention, the court did not abuse its discretion in denying her motion to withdraw her plea on the ground of actual innocence. It is well established that "[p]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Rosekrans, 149 AD3d 1563, 1564 [4th Dept 2017], lv denied 29 NY3d 1133 [2017] [internal quotation marks omitted]). On her motion, defendant asserted that she had a "valid defense" to the crimes, i.e., that she had not operated the vehicle on the night of her arrest. In support of that purported defense, defendant submitted the affidavit of her brother, who averred that he had been on his way to pick defendant up from the parking lot in which she was arrested. Even assuming the truth of the brother's affidavit, we conclude that his averments do not establish that defendant had not been driving unlawfully before arriving at the parking lot. Indeed, the fact that, at the time of her arrest, defendant was found alone, intoxicated, and in the driver's seat of a running vehicle with her seat belt fastened suggests that she had operated the vehicle before being found by the police in the commercial parking lot (see People v Dunster, 146 AD3d 1029, 1029-1030 [3d Dept 2017], lv denied 29 NY3d 997 [2017]; see also People v Annis, 126 AD3d 1525, 1526 [4th Dept 2015]; People v Panek, 305 AD2d 1098, 1098 [4th Dept 2003], lv denied 100 NY2d 623 [2003]). To the extent that defendant denied having operated the vehicle in letters she submitted to the court and in remarks she made to her probation officer during the presentence interview, those unsworn statements are not evidence in admissible form (see generally Rosekrans, 149 AD3d at 1564; People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]), and are the sort of "conclusory and unsubstantiated" claims of innocence insufficient to contradict her admissions to the contrary during the plea colloquy (People v Garner, 86 AD3d 955, 955 [4th Dept 2011]; see People v Haffiz, 19 NY3d 883, 884 [2012]; People v Goodwin, 159 AD3d 1433, 1434 [4th Dept 2018]).
Defendant further contends that her plea was not knowingly, intelligently and voluntarily entered because she had suffered a traumatic brain injury approximately 10 months prior to entering the plea, which rendered her unable to appropriately understand and weigh her options, and that the court erred in denying her motion to withdraw the plea on that ground. We reject [*2]that contention. A traumatic brain injury, like any other cognitive or psychological disorder, does not necessarily prevent a " knowing and voluntary choice' " (People v Gessner, 155 AD3d 1668, 1669 [4th Dept 2017]; see also People v Tracy, 125 AD3d 1517, 1518 [4th Dept 2015], lv denied 27 NY3d 1008 [2016]). We decline to disturb a plea where, as here, there is no "indication that [the] defendant was uninformed, confused or incompetent" at the time it was entered (People v Alexander, 97 NY2d 482, 486 [2002]; see People v Nudd, 53 AD3d 1115, 1115 [4th Dept 2008], lv denied 11 NY3d 834 [2008]; see also People v Scott, 144 AD3d 1597, 1598 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; People v DeFazio, 105 AD3d 1438, 1439 [4th Dept 2013], lv denied 21 NY3d 1015 [2013]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court