People v Bellamy (2019 NY Slip Op 02234)





People v Bellamy


2019 NY Slip Op 02234


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


360 KA 16-00769

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OMAR I. BELLAMY, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered October 26, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance (CPCS) in the third degree (Penal Law § 220.16 [1]) and CPCS in the fourth degree (§ 220.09 [1]), defendant contends that he did not knowingly, intelligently, and voluntarily waive his right to appeal. We reject that contention. County Court "conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Burtes, 151 AD3d 1806, 1806 [4th Dept 2017], lv denied 30 NY3d 978 [2017] [internal quotation marks omitted]), and defendant's valid waiver of the right to appeal encompasses his challenge to the court's suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Braxton, 129 AD3d 1674, 1675 [4th Dept 2015], lv denied 26 NY3d 965 [2015]).
To the extent that he contends that his guilty plea was coerced, defendant failed to preserve his contention for our review because he did not move to withdraw the plea or vacate the judgment of conviction (see People v Darling, 125 AD3d 1279, 1279 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]), and this case does not fall within the rare exception to the preservation doctrine (see People v Lopez, 71 NY2d
662, 666 [1988]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court