People v Long (2020 NY Slip Op 02590)





People v Long


2020 NY Slip Op 02590


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


543 KA 18-00243

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORNELL LONG, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 17, 2016. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree and burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of one count each of rape in the first degree (Penal Law § 130.35 [1]) and burglary in the first degree (§ 140.30 [3]). Defendant contends that Supreme Court abused its discretion in denying his motion to withdraw his plea of guilty, which was premised on his allegations that he was confused and emotionally distraught during the proceedings and that he was coerced by defense counsel and that, therefore, the plea was not knowing, intelligent, and voluntary. That contention survives defendant's waiver of the right to appeal (see People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]), and he preserved that contention for our review by moving to withdraw the plea (see People v Lopez, 71 NY2d 662, 665 [1988]). We nevertheless reject defendant's contention.
" Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (Davis, 129 AD3d at 1614). Inasmuch as defendant tendered no such evidence on his motion, we perceive no abuse of discretion (see People v Ernst, 144 AD3d 1605, 1606-1607 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]; People v Torres, 117 AD3d 1497, 1497-1498 [4th Dept 2014], lv denied 24 NY3d 965 [2014]; People v Strasser, 83 AD3d 1411, 1411 [4th Dept
2011]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court