People v Crosby (2021 NY Slip Op 03983)





People v Crosby


2021 NY Slip Op 03983


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1194 KA 18-01063

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN CROSBY, DEFENDANT-APPELLANT. (APPEAL NO. 1.)






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered October 13, 2017. The judgment convicted defendant upon a plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]). In appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (§§ 110.00, 120.05 [7]), and in appeal No. 3, he appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (§ 120.05 [2]). We affirm in each appeal.
At the outset, although defendant purportedly waived his right to appeal in all three appeals, we conclude that there is no reason for us to address his contention that the waiver is invalid inasmuch as defendant's substantive contentions would survive even a valid waiver of the right to appeal or are forfeited by the plea (see People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]; People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; see generally People v Seaberg, 74 NY2d 1, 9 [1989]).
Defendant contends in all three appeals that County Court abused its discretion in denying his pro se motion to withdraw his guilty pleas. That motion was premised on defendant's allegations that the pleas were not knowing, intelligent, and voluntary inasmuch as defendant was coerced by defense counsel to enter the pleas. Although defendant preserved that contention for our review by moving to withdraw the pleas (see People v Long, 183 AD3d 1275, 1276 [4th Dept 2020], lv denied 35 NY3d 1046 [2020], reconsideration denied 35 NY3d 1095 [2020]; People v Green, 122 AD3d 1342, 1343 [4th Dept 2014]), we nevertheless reject defendant's contention on the merits. "[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017] [internal quotation marks omitted]; see People v Davis, 129 AD3d 1613, 1614 [4th Dept 2015], lv denied 26 NY3d 966 [2015]). Furthermore, " 'a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding' " (People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]; see generally People v Said, 105 AD3d 1392, 1393 [4th Dept 2013], lv denied 21 NY3d 1019 [2013]).
Here, with respect to defendant's claim that he was coerced by defense counsel into pleading guilty, we conclude that "[t]he court was presented with a credibility determination . . . , [*2]and it did not abuse its discretion in discrediting th[at] claim[]" (People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]; see People v Zimmerman, 100 AD3d 1360, 1361-1362 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). "Far from being coercive, defense counsel's advice . . . that the case could not be won," and his realistic explanation to defendant of the benefits of accepting the People's plea offer under the circumstances, "fulfilled defense counsel's duty to warn his client of the risks of going to trial" (People v Spinks, 227 AD2d 310, 310 [1st Dept 1996], lv denied 88 NY2d 995 [1996]; see People v Nichols, 21 AD3d 1273, 1274 [4th Dept 2005], lv denied 6 NY3d 757 [2005]). Additionally, defendant's allegations of coercion are belied by his statements during the plea colloquy indicating that he discussed the decision with defense counsel, that he understood the nature of the trial rights he was forfeiting by pleading guilty, that he understood the terms of the plea, and that he was pleading guilty voluntarily (see People v Ivey, 98 AD3d 1230, 1231 [4th Dept 2012], lv denied 20 NY3d 1012 [2013]; People v Williams, 90 AD3d 1546, 1547 [4th Dept 2011], lv denied 19 NY3d 978 [2012]).
Defendant also contends in all three appeals that the court erred in denying his pro se motion made in April 2017 seeking substitution of counsel. Initially, we note that his contention " 'is encompassed by the plea . . . except to the extent that the contention implicates the voluntariness of the plea' " (Morris, 94 AD3d at 1451). Regardless, we conclude that defendant abandoned his request for new counsel "when he 'decid[ed] . . . to plead guilty while still being represented by the same attorney' " (People v Wellington, 169 AD3d 1440, 1441 [4th Dept 2019], lv denied 33 NY3d 982 [2019]; see People v Barr, 169 AD3d 1427, 1427-1428 [4th Dept 2019], lv denied 33 NY3d 1028 [2019]). At the plea colloquy, defendant made no statements expressing dissatisfaction with counsel, and we note that at no time did the court issue an ultimatum to defendant to either "plead guilty with present counsel or proceed to trial with present counsel" (People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]).
Finally, in appeal Nos. 1 and 3, the People correctly concede that the certificates of conviction fail to reflect that defendant was sentenced to five-year periods of postrelease supervision, and they must therefore be amended to reflect those facts (see People v Brooks, 183 AD3d 1231, 1233 [4th Dept 2020], lv denied 35 NY3d 1043 [2020]; People v Kemp, 112 AD3d 1376, 1377 [4th Dept 2013]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court