People v Cole (2025 NY Slip Op 01511)

People v Cole

2025 NY Slip Op 01511

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

597 KA 23-00541

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARRETT D. COLE, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (JONATHAN ROSENBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered June 29, 2022. The judgment convicted defendant upon his plea of guilty of attempted robbery in the second degree, attempted criminal use of a firearm in the second degree and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]), attempted criminal use of a firearm in the second degree (§§ 110.00, 265.08 [2]), and grand larceny in the fourth degree (§ 155.30 [1]). We affirm. Defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of the sentence (see People v Wilson, 201 AD3d 1354, 1354 [4th Dept 2022]), we conclude that the sentence is not unduly harsh or severe.
Defendant's further contention that his admissions during the allocution were insufficient to establish his guilt for the crimes to which he pleaded guilty is a challenge to the factual sufficiency of the plea allocution and is not preserved for our review inasmuch as defendant did not move to withdraw the plea or to vacate the judgment of conviction (see People v Parsons, 199 AD3d 1486, 1486 [4th Dept
2021], lv denied 37 NY3d 1163 [2022]; People v Lathrop, 136 AD3d 1314, 1314-1315 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court