People v Reyes (2023 NY Slip Op 04862)

People v Reyes

2023 NY Slip Op 04862

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

644 KA 19-02345

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALBERTO REYES, ALSO KNOWN AS ALBERTO EBARADO GUTIERREZ-REYES, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (CATHERINE A. MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered November 7, 2019. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of two counts of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his plea was not knowing, intelligent and voluntary because County Court failed to advise him that he could be subject to deportation if he pleaded guilty (see People v Peque, 22 NY3d 168, 197 [2013], cert denied 574 US 840 [2014]). We conclude that defendant's contention is not preserved for our review (see CPL 470.05 [2]), and that, under the circumstances of this case, the narrow exception to the preservation doctrine does not apply (see People v Chelley, 120 AD3d 987, 988 [4th Dept 2014]; cf. Peque, 22 NY3d at 182-183).
Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid, as the People concede, we perceive no basis in the record to exercise our power to modify the negotiated sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court