People v Rouse (2024 NY Slip Op 01388)

People v Rouse

2024 NY Slip Op 01388

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

36 KA 22-00752

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAJZHAUN ROUSE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTINE BIALY-VIAU OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 28, 2022. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal is unenforceable and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of his challenge to the severity of his sentence (see People v Reyes, 219 AD3d 1685, 1686 [4th Dept 2023]; People v Montgomery, 204 AD3d 1439, 1440 [4th Dept 2022], lv denied 38 NY3d 1072 [2022]), we perceive no basis in the record to exercise our power to modify the negotiated sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Defendant's contention regarding the harshness of his sentence is based largely on the fact that, although defendant had no prior criminal record, his codefendant, who has an extensive criminal record, received a slightly lesser sentence than defendant for his participation in the same shooting incident. The video of the incident shows, however, that even though, as defendant contends, there was likely a third person who shot at the victims' vehicle, defendant fired at least twice as many shots as codefendant did, perhaps as many as eight or nine in total. The shots were fired in a crowded parking lot while the victims were driving away from the scene of a relatively minor physical altercation that did not involve defendant.
Moreover, the record does not disclose the circumstances of codefendant's case or guilty plea, such as whether he cooperated with the police and prosecution or whether there were any mitigating factors in his favor. The record does demonstrate that defendant did not cooperate with the police and that, after pleading guilty on the eve of trial, he denied guilt when interviewed by the probation department for the presentence report. At no point did defendant express regret or remorse for his highly dangerous conduct. Under the circumstances, we do not find the negotiated sentence to be excessive.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court